UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2011 NOV 18 AM 10: 24
TEXAS-EASTERN
BY_____

| | |
|---|---|
| David E. Mack<br>*Plaintiff*<br><br>vs<br><br>ZWICKER & ASSOCIATES, P.C.<br>Susan Cowherd<br>*Defendants* | Case No 4:11cv757<br><br>Judge Judge Schell<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. Defendant ZWICKER & ASSOCIATES, P.C. is an attorney debt collection firm with offices at 80 Minuteman Road, Andover, MA 01810.

5. Defendant Susan Cowherd is Vice President, Audit and Compliance at ZWICKER & ASSOCIATES with offices at 80 Minuteman Road, Andover, MA 01810.

### VENUE

6. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

7. Venue is proper in the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

8. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and discovered entries by entities that he was unfamiliar with in the reports.

9. Plaintiff determined that his consumer credit report had been obtained on various occasions by entities he did not recognize and without his consent.

10. Plaintiff determined after examination of his Experian consumer credit report that Defendant ZWICKER & ASSOCIATES, P.C. had obtained Plaintiff's Experian consumer credit report on July 22, 2008.

11. Plaintiff determined after examination of his TransUnion consumer credit report that Defendant ZWICKER & ASSOCIATES, P.C. had obtained Plaintiff's TransUnion consumer credit report on April 5, 2011.

12. Discovery of violations brought forth herein occurred in May 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

13. Plaintiff received a collection letter from ZWICKER & ASSOCIATES, P.C. on or about April 11, 2011 demanding payment of a debt alleged to be owed to American Express in the amount of $12,873.27.

14. Plaintiff sent a timely demand for validation of the alleged debt dated April 15, 2011 and a demand to cease and desist from any further collection activity until validation was provided. This demand letter was sent by certified mail #70092820000083123733.

15. Plaintiff received a response dated May 3, 2011 that contained nothing more than what appeared to be some alleged statements for an account with no general ledger accounting or contract provided. There were no "verified" records provided by the person who created and

maintains the records and, in fact, the name and capacity of the person who provided the records was absent altogether.

16. Plaintiff responded to Defendant stating that what had been provided was not validation and again requested proper validation of the alleged debt. The letter was sent by certified mail #70092820000083123771. Plaintiff received no response at any time to the second communication demanding validation of the alleged debt.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

17. Paragraphs 1 through 15 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

19. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

21. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally; if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

23. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ZWICKER & ASSOCIATES, P.C.

24. At no time did Plaintiff give his consent for Defendant ZWICKER & ASSOCIATES, P.C., to acquire his consumer credit report from any credit reporting agency.

25. On July 22, 2008 Defendant ZWICKER & ASSOCIATES, P.C. obtained the **Experian** consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

26. The actions of Defendant ZWICKER & ASSOCIATES, P.C. in obtaining the consumer credit report of the Plaintiff with no permissible purpose, or Plaintiff's consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, ZWICKER & ASSOCIATES, P.C. for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

27. Paragraphs 1 through 25 are realleged as though fully set forth herein.

28. On April 5, 2011 Defendant ZWICKER & ASSOCIATES, P.C. obtained the **TransUnion** consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

29. The actions of Defendant ZWICKER & ASSOCIATES, P.C. in obtaining the TransUnion consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, ZWICKER & ASSOCIATES, P.C. for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(B) BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

30. Paragraphs 1 through 28 are realleged as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

32. ZWICKER & ASSOCIATES, P.C. is a debt collector within the meaning of the FDCPA §1692a(6).

33. Susan Cowherd is a debt collector within the meaning of the FDCPA §1692a(6).

34. On or about May 10, 2011 Plaintiff received a collection notice dated May 3, 2011 from Defendant ZWICKER & ASSOCIATES, P.C. Plaintiff had received a previous collection notice from ZWICKER & ASSOCIATES, P.C. and had made a timely demand for validation and to cease and desist from further collection activities until validation was provided. That demand had not been complied with therefore the receipt of another demand for payment by the Defendant ZWICKER & ASSOCIATES, P.C. was a blatant violation of 15 U.S.C. § 1692g(B).

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(B) BY DEFENDANT ZWICKER & ASSOCIATES, P.C. AND SUSAN COWHERD

35. Paragraphs 1 through 32 are realleged as though fully set forth herein.

36. Plaintiff sent a notice of intent to sue to ZWICKER & ASSOCIATES, P.C. dated October 15, 2011 referencing them obtaining the Plaintiff's credit report without a permissible purpose or his consent.

37. Plaintiff received a response dated October 25, 2011 from Susan Cowherd wherein she made another demand for payment of the alleged debt on behalf of ZWICKER & ASSOCIATES, P.C. when no validation had yet been provided in violation of 15 U.S.C. § 1692g(B).

38. The response plaintiff received dated October 25, 2011 also did not contain the required "mini Miranda" disclosure stating that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff demands judgment for damages **against each Defendant**, ZWICKER & ASSOCIATES, P.C. **and** Susan Cowherd, for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k(2)(A).

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 18, 2011

Respectfully Submitted,

*/s/ David E. Mack*
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642